IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CHARLES SULTON, JR.,            )
                                )
        Plaintiff,               )
                                )
vs.                              )    CIVIL NO. 07-372-GPM
                                )
DR. RAVANAM, M.D., et al.        )
                                )
        Defendants.              )

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff, an inmate in the Menard Correctional Center (MCC), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for review of the complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

THE COMPLAINT

Plaintiff alleges that on May 20, 2005, he awoke with a sharp burning pain in his stomach. After he awoke, Plaintiff had a bowel movement that was "black-green" and runny. Plaintiff was taken to the health care unit (HCU) at MCC where he was examined by Nurse Griffin, who began taking Plaintiff's blood pressure, placed Plaintiff on an EKG, and administered a blood sugar test. During this examination, Defendant Ravanam entered the HCU and asked what was going on. Dr. Ravanam asked Plaintiff whether he had taken all of his medication for the day. Plaintiff responded that he had not taken *all* of his prescribed medication because it was not yet time for him to take some of the medication, but that he had taken what he was supposed to have taken. Plaintiff went on to assert that it was the medication that was making him sick and that he had been complaining

about pain in his stomach for eight or nine months. According to Plaintiff, Dr. Ravanam became upset and said "This is what's wrong now around here, these inmates telling the doctors and nurses whats [sic] wrong, and the things that we should doing [sic]." Plaintiff contends that Dr. Ravanam told the nurses to get Plaintiff out of the HCU, to have him take his prescribed medication, and to get him locked back in his cell.

Plaintiff alleges that shortly after being escorted back to his cell, he fainted and fell to the floor. Plaintiff was taken back to the HCU and examined by Dr. Ravanam. Plaintiff was then transferred to Memorial Hospital in Chester, Illinois, where he was treated for a bleeding ulcer. Plaintiff remained hospitalized for three days and contends that he suffers from long-term health consequences caused by the bleeding ulcer. Liberally construing the complaint, Plaintiff contends that he was denied adequate medical care in violation of his Eighth Amendment rights.

## DISCUSSION

Title 28 U.S.C. § 1915A provides:

(a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
(b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
    (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
    (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. Title 28 U.S.C. § 1915(e)(2) contains similar screening criteria for complaints filed *in forma pauperis*. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is

plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal.

Upon review, Plaintiff may, for the time being, proceed against Defendant Ravanam for denying him adequate medical care on May 20, 2005, in violation of Plaintiff's Eighth Amendment rights (this is barely plausible as *alleged*). Defendants Feinerman, Wexford Health Care Source (Wexford), Ahmed, Pratte, Illinois Department of Health (IDOH), Walker, Hohring, and Uchtman, however, should be dismissed from this action. "The doctrine of respondeat superior does not apply to § 1983 actions; thus to be held individually liable, a defendant must be 'personally responsible for the deprivation of a constitutional right.'" *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001), *quoting Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001); *see also Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Eades v. Thompson*, 823 F.2d 1055, 1063 (7th Cir. 1987); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983); *Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981)Here, Plaintiff is attempting to hold Defendants Feinerman, Wexford, Ahmed, Pratte, IDOH, Walker, Hohring, and Uchtman liable only because they were in a supervisory relationship with Defendant Ravanam. There is no indication that these Defendants knew about or condoned Dr. Ravanam's alleged actions on May 25, 2005. Furthermore, Plaintiff's claim against the IDOH is barred because "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989); *see also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Indiana Department of Corrections*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit

by virtue of Eleventh Amendment); *Hughes v. Joliet Correctional Center*, 931 F.2d 425, 427 (7th Cir. 1991) (same); *Santiago v. Lane*, 894 F.2d 218, 220 n. 3 (7th Cir. 1990) (same).  As such, Plaintiff's claims against these Defendants Feinerman, Wexford, Ahmed, IDOH, Walker, Hohring, and Uchtman are dismissed.

**SUMMARY**

**IT IS HEREBY ORDERED** that Defendants **FEINERMAN, WEXFORD, AHMED, PRATTE, IDOH, WALKER, HOHRING, AND UCHTMAN** are **DISMISSED** with prejudice from this action, as there are no claims pending against them.

The Clerk of Court is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendant **RAVANAM**.  The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendant **RAVANAM** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure.  Process in this case shall consist of the complaint, applicable Forms 1A and 1B, and this Memorandum and Order.  For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of Illinois Department of Corrections (IDOC) who no longer can be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with the Defendant's last-known address upon issuance of a Court order which states that the information shall be used only for purposes of effectuating service (or for proof of

service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from IDOC pursuant to such order shall not be maintained in the Court file nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by Defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk of Court prepare a summons for any defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon such defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for that defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally-served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless said defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon Defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to Defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendant Ravanam is **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule of the United States District Court for the Southern District of Illinois 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to do so will result in dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

DATED: 04/10/08

s/ G. Patrick Murphy
G. Patrick Murphy
United States District Judge