# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CHARLES SULTON, JR.,** | ) |
| **Plaintiff,** | ) ) ) |
| vs. | ) CIVIL NO. 07-372-GPM |
| **DR. RAVANAM,** *et al.*, | ) ) ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court on Plaintiff's motion to reconsider (Doc. 13). Plaintiff asks that the Court vacate the portion of its Memorandum and Order (Doc. 7) dismissing Plaintiff's 42 U.S.C. § 1983 claims against certain defendants "with prejudice." The Court dismissed these § 1983 claims because the doctrine of *respondeat superior* does not apply in § 1983 cases. Because no other claims were asserted against the defendants, the Court dismissed the defendants from the action. Plaintiff contends that the Court did not assess the merits of his *respondeat superior* claims which, Plaintiff contends, he intends to pursue in state court.

Technically, a "Motion to Reconsider" does not exist under the Federal Rules of Civil Procedure. The Seventh Circuit has held, however, that a motion challenging the merits of a district court order will automatically be considered as having been filed pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994); *United States v. Deutsch,* 981 F.2d 299, 300 (7th Cir. 1992). "If a motion challenging a

judgment on the merits is served after ten days of the rendition of judgment, the motion falls under Rule 60(b)." *Deutsch*, 981 F.2d at 300.

The Memorandum and Order being challenged was entered on April 10, 2008, but the motion to reconsider was not filed until January 9, 2009, well after the 10-day period expired. *See* FED.R.CIV.P. 59(e). Therefore, the motion is time-barred under Rule 59(e). In accordance with *Deutsch*, the Court construes the motion as filed pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.

Rule 60(b) provides for relief from judgment for "mistake, inadvertence, surprise, or excusable neglect." FED.R.CIV.P. 60(b)(1). However, the reasons offered by a movant for setting aside a judgment under Rule 60(b) must be something that could not have been employed to obtain a reversal by direct appeal. *See, e.g., Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000); *Parke-Chapley Constr. Co. v. Cherrington*, 865 F.2d 907, 915 (7th Cir. 1989) ("an appeal or motion for new trial, rather than a FRCP 60(b) motion, is the proper avenue to redress mistakes of law committed by the trial judge, as distinguished from clerical mistakes caused by inadvertence"); *Swam v. United States*, 327 F.2d 431, 433 (7th Cir. 1964) (a belief that the Court was mistaken as a matter of law in dismissing the original petition does "not constitute the kind of mistake or inadvertence that comes within the ambit of rule 60(b)").

Plaintiff's arguments do not suggest clerical mistake; instead, these arguments challenge the Court's application of the law to the facts alleged in the complaint, which may be addressed in a direct appeal. Furthermore, the doctrine of *respondeat superior* does not apply to *any* § 1983 claim regardless of whether that § 1983 claim is asserted in a civil action brought in federal court or in a civil action brought in state court. Therefore, Plaintiff has not presented any argument warranting

relief under Rule 60(b), and the instant motion is **DENIED**.

**IT IS SO ORDERED.**

DATED: 02/02/09

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge